UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MICHAEL CROUCH,  )  )  Plaintiff,  )  )  v.  )  )  ANDREW M. SAUL,  )  Commissioner of Social Security,  )  )  Defendant. | Civil Action No. 5:20-CV-00152-CHB  **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on cross-motions for Summary Judgment. [R. 15, R. 17]. The Plaintiff, Michael L. Crouch, exhausted his administrative remedies and brought this action under 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act. The Court, having reviewed the record and the parties' motions, affirms the Commissioner's decision.

**I.     Procedural and Factual Background**

On March 14, 2017, Crouch filed an application for DIB benefits, alleging he became disabled in February 2017. [R. 12-1, pp. 20, 73, 172]. His application was initially denied and again on reconsideration, after which he requested a hearing before an Administrative Law Judge (ALJ). *Id.* at 20, 69, 84. The ALJ held a hearing on June 28, 2019, and subsequently issued an unfavorable decision on July 31, 2019, finding Crouch was not disabled since February 15, 2017. *Id.* at 37–57, 28. The Appeals Council denied his request for review, and the ALJ's decision became the final decision of the Commissioner. *Id.* at 6–9. Crouch then filed his Complaint against the Commissioner in this Court. [R.1].

1

## II.     Standard of Review

This Court's review of the Commissioner's decision is limited to determining whether it is supported by "substantial evidence" and made in accordance with proper legal standards. *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations omitted). "Substantiality must also be based on the record 'as a whole.'" *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing *Allen v. Califano,* 613 F.2d 139 (6th Cir. 1980)). However, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ," the Court must uphold the Commissioner's decision. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). This Court cannot review the case de novo, resolve conflicts of evidence, or decide questions of credibility. *Cutlip*, 25 F.3d at 286; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

To determine disability under the Social Security Act, the ALJ must conduct a five-step analysis. 20 C.F.R. § 404.1520.

1. First, plaintiff must demonstrate that [he] is not currently engaged in "substantial gainful activity" at the time [he] seeks disability benefits.

2. Second, plaintiff must show that [he] suffers from a "severe impairment" to warrant a finding of disability.

3. Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment

        meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.

4. Fourth, if the plaintiff's impairment does not prevent [him] from doing [his] past relevant work, plaintiff is not disabled.

5. For the fifth and final step, even if the plaintiff's impairment does prevent [him] from doing [his] past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the ALJ makes a dispositive finding at any point in the five-step analysis, the review terminates. *Id.*; 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof during the first four steps; this burden shifts to the Commissioner at step five to prove the availability of other work in the national economy that the claimant is capable of performing. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The claimant always retains the burden of proving lack of residual functional capacity (RFC).[1] *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

**III.  Analysis**

        The ALJ followed the five-step evaluation process as required by SSA regulations. [R. 12-1, pp. 21–28]. At step one, the ALJ found Crouch had not engaged in substantial gainful activity since February 15, 2017, the alleged onset date. *Id.* at 22. At step two, the ALJ found Crouch had various non-severe impairments and two severe impairments, degenerative disc disease and chronic obstructive pulmonary disease. *Id.* At step three, the ALJ determined Crouch did not have an impairment or combination of impairments that met or medically equaled in

---

[1] An individual's residual functional capacity is the most an individual can still do despite his or her impairment-related limitations. 20 C.F.R. § 416.945 (a)(1).

3

severity one of the listed impairments. *Id.* at 24. At step four, the ALJ determined Crouch's RFC assessment, finding that he could perform "medium work"[2] with the following limitations:

> No lifting or carrying more than 50 pounds occasionally and 25 pounds frequently; no standing or walking more than six hours out of an eight hour workday; no sitting more than six hours out of an eight hour workday; frequent climbing of ramps or stairs; never climb ladders, ropes, or scaffolds; frequent balancing, stooping, kneeling, crouching or crawling; occasional overhead reaching with the bilateral upper extremities; avoid concentrated exposure to cold temperature extremes, wetness, humidity, fumes, odors, dust, gases, poor ventilation and vibration; avoid all exposures to hazards such as unprotected heights or dangerous machinery.

*Id.*

Based on this RFC and the testimony of a vocational expert, the ALJ determined that Crouch could not perform any past work but could perform other jobs existing in significant numbers in the national economy. *Id.* at 27. Thus, the ALJ found Crouch was "not disabled." *Id.* at 28.

On appeal, Crouch makes five arguments, asserting that: (1) the ALJ failed to properly evaluate the testimony of Stephanie Crouch, Plaintiff's wife, as a nonmedical opinion; (2) the ALJ failed to consider relevant evidence when evaluating Crouch's pain, specifically the effect it has on his daily activities, his methods of coping, and his medications; (3) the ALJ erred in assigning great weight to the opinions of Drs. Jack Reed and Bruce Key, non-examiners who reviewed only a "skeletal" portion of the medical records; (4) the ALJ erred in not assigning weight to the opinion of Dr. Barry Burchett, a state agency examiner; and (5) the ALJ failed to accurately describe Crouch's limitations when posing the hypothetical RFC to the vocational expert (VE), causing the VE's testimony to not be supported by substantial evidence. [R. 15-1]. The Court will address each argument in turn.

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

### A. Stephanie Crouch's Testimony

An ALJ must consider all relevant evidence in the case record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013). In evaluating nonmedical opinions[3], an ALJ must use the same factors for medical sources. 20 C.F.R. § 404.1527(f)(1).[4] Specifically, the ALJ should consider "[1] how long the source has known the individual, [2] how frequently the source has seen the individual, [3] how consistent the opinion of the source is with the other evidence, and [4] how well the source explains the opinion." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (citing *Martin v. Barnhart*, 470 F. Supp. 2d 1324, 1328-29 (D. Utah 2006)). The ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.*; *see also* SSR 06-03p, 2006 SSR LEXIS 5, at *15;[5] 20 C.F.R. § 404.1527(f)(2).

---

[3] Also called "other sources," which can comprise of medical sources who are not "acceptable" and almost any other individual able to provide relevant evidence, such as spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, clergy, and employers. *See* Soc. Sec. Rul. No. 06-03p, 2006 SSR LEXIS 5, at *4 (Soc. Sec. Admin. Aug. 9, 2006); *Prince v. Comm'r of Soc. Sec.*, No. 2:13-cv-12055-ATJ-PTM, 2014 U.S. Dist. LEXIS 129473, at *24 (E.D. Mich. May 13, 2014).

[4] The evaluation of opinion evidence for claims filed before March 27, 2017, is governed by 20 C.F.R. § 404.1527. For claims filed on or after March 27, 2017, the rules in 20 C.F.R. § 404.1520(c) apply. Plaintiff's claim was filed on March 14, 2017. [R. 12-1, pp. 20, 73, 172]. Thus, 20 C.F.R. § 404.1527 controls.

[5] The district courts in the Sixth Circuit have come to different conclusions on whether an ALJ must explicitly address "other source" opinions in the decision. *See, e.g., Russell v. Comm'r of Soc. Sec.*, No. 1:13-CV-291, 2014 U.S. Dist. LEXIS 43646, 2014 WL 1333262, at *9 (N.D. Ohio Mar. 31, 2014) ("District courts in this circuit vary in their interpretation of whether SSR 06-03p, 2006 SSR LEXIS 5 requires an ALJ to discuss the reasons for not crediting opinions from other sources."); *Southward v. Comm'r of Soc. Sec.*, No. 11-14208, 2012 U.S. Dist. LEXIS 127501, 2012 WL 3887212, at *3 (E.D. Mich. Sept. 7, 2012) ("[D]istrict courts in this circuit have varied widely in their interpretation of whether SSR06-03p, 2006 SSR LEXIS 5 obligates an ALJ to discuss his reasons for not crediting opinions from 'other sources.'"). While a group of cases does not find an explicit requirement to discuss "other sources," *see Prince*, 2014 U.S. Dist. LEXIS 129473, at *27-28, other cases reached the opposite conclusion, including the Sixth Circuit Court of Appeals' opinion in *Cruse*. 502 F.3d at 541-42. The Sixth Circuit has since reiterated its reasoning used in *Cruse*. *See Hill v. Comm'r of Soc. Sec.*, 560 Fed. Appx. 547, 2014 WL 1257948, at *2 (6th Cir. 2014) (noting that an ALJ should explain their assessment of "other sources"); *Cole v. Astrue*, 661 F.3d 931, 939-40 (6th Cir. 2011) (finding that ALJ failed to "consider" an "other source" opinion by not mentioning it in the decision). Consequently, an "ALJ should discuss these opinions, or at least provide reasoning that shows the ALJ considered the substantive elements of the opinions." *Prince*, 2014 U.S. Dist. LEXIS 129473, at *29.

In support of her husband's application for benefits, Stephanie Crouch submitted two function reports. [R. 12-1, pp. 229–237, 251–59]. The two reports contained Stephanie's thoughts and observations as to Crouch's functionality, including information regarding his daily activities, social activities, injuries/condition, personal care, etc. *Id.* In her opinion, the ALJ addressed Stephanie's opinion and assigned it "little weight." *Id.* at 26. Her analysis, in full, states:

> The undersigned gives little weight to the opinion of Stephanie Crouch, the claimant's wife. (Ex 8E, 12E). *This opinion does not set forth the detail and standardized test results one would expect in medical reports*, and the Administrative Law Judge concludes that objective measures of function are better reflected in the medical findings. The Administrative Law Judge recognizes that the severe impairments will affect the claimant's abilities; however, the Administrative Law Judge has adequately accommodated the effects of the impairments in the residual functional capacity. Further accommodation is not justified.

*Id.* (emphasis added).

Crouch argues that because the ALJ included the above emphasized statement in her opinion, she "improperly subjected" Stephanie's opinion to the "heightened level of scrutiny required by that of a medical professional," and thus, "failed to provide a proper analysis for a source as required by law." [R. 15-1, p. 4]. In support of his argument, Crouch cites to *Jones v. Secretary, H.H.S.*, 945 F.2d 1365, 1369-70 (6th Cir. 1991). In *Jones*, the Sixth Circuit Court of Appeals remanded the case to the Secretary upon finding that the Secretary erred by completely devaluing the evidence supporting the existence of the claimant's ailment. *Id.* at 1370. The Court found that the Secretary failed to consider other information in conjunction with the medical evidence to fill in the (assumed) "gap" between claimant's reported symptoms and the objective evidence. *Id.* The Court concluded that the Secretary cut short its inquiry "where, in its opinion, objective medical evidence ended" and discounted other evidence, which not only pointed

6

towards a finding of disability, but included the unanimous opinion of the treating physicians that claimant was disabled, medical records that showed the severity and persistence of claimant's symptoms, and testimony provided by the claimant that comported with medical evidence. *Id.*

*Jones*, however, is distinguishable from this case. The ALJ explicitly discussed and explained why Stephanie's opinion was deemed of "little weight." [R. 12-1, p. 26]. Specifically, after recognizing that Crouch's severe impairments affected his abilities, the ALJ concluded that medical findings "*better* reflected" Crouch's functionality. *Id.* (emphasis added). "Better" implies that the ALJ not only considered Stephanie's opinion, but found it either inconsistent or lacking when compared to medical records. *Id.* This is in great contrast to *Jones*, where the Secretary did not even consider other information and where there was no contrary medical opinions or countervailing evidence that opposed a finding of disability. 945 F.2d at 1370.

Furthermore, the ALJ's notation that Stephanie's opinion does not include "detail and standardized test results one would expect in medical reports" does not constitute an error. *See Belcher v. Comm'r of Soc. Sec.*, No. 1:16-cv-944, 2017 U.S. Dist. LEXIS 119249, at *22 (W.D. Mich. July 31, 2017) ("While the third-party [function] report should not be expected to provide medical expertise, the ALJ did not err by noting the limited scope of the lay witness's knowledge."). The ALJ simply found that Stephanie's opinion did not justify further accommodation to the determined RFC, [R. 12-1, p. 26], which satisfies the ALJ's "responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013).

Thus, even though no great detail was provided, the Court is able to "follow the adjudicator's reasoning" behind the weight given to Stephanie's opinion. 20 C.F.R. §

404.1527(f)(2); *see also Pietryga v. Comm'r of Soc. Sec.*, No. 19-11402, 2020 WL 5046895 (E.D. Mich. Aug. 26, 2020) (finding that even though "Plaintiff may have preferred [a] more detailed analysis [of his father's testimony] from the ALJ, such levels of specificity are not required."); *Loral Def. Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citing *NLRB v. Beverly Enterprises-Massachusetts*, 174 F.3d 13, 26 (1st Cir. 1999)) ("[T]he fact that [an] ALJ's opinion fail[s] to discuss all of the testimony and evidence presented to him does not mean that the ALJ 'failed to consider' the evidence."). The Court finds no error in the ALJ's consideration of Stephanie's opinion.

## B. Evaluation of Claimant's Pain

The ALJ may consider a claimant's credibility in weighing allegations of pain. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d. 525, 531 (6th Cir. 1997). An ALJ's credibility findings are "to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* (citing *Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)). However, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence. *Id.* (citation omitted). In the Sixth Circuit, evaluations of credibility proceed by way of a two-pronged test:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky v. Bowen*, 35 F.3d 1027, 1038–39 (6th Cir. 1994) (quoting *Duncan v. Sec'y of Health Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).

Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must consider the entire

record in assessing the claimant's credibility. *Tavares v. Comm'r of Soc. Sec.*, No. 5:11-cv-0970, 2012 U.S. Dist. LEXIS 66907, at *35 (N.D. Ohio May 14, 2012) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007)). Factors relevant to consideration of the record include the following: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment other than medications received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms, such as lying down; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. *Id.* at 35–36; 20 C.F.R. § 404.1529.

When the record establishes consistency between the subjective complaints of the claimant and the other evidence of record, such consistency will tend to support the credibility of the claimant. *Thompson v. Comm'r of Soc. Sec.*, No. 3:11-CV-493-H, 2012 U.S. Dist. LEXIS 79767, at *32 (W.D. Ky. May 7, 2012) (citing *Winning v. Comm'r of Soc. Sec.*, 661 F. Supp. 2d 807, 823 (N.D. Ohio 2009)). In contrast, any inconsistency in this regard will tend to have the opposite effect. *Id.* The reviewing court does not make its own credibility determinations. *Walters*, 127 F.3d at 528. The federal courts will not substitute their own credibility determination for that of the ALJ as the fundamental task of the Commissioner is to "resolve conflicts in the evidence and to decide questions of credibility." *Felisky*, 35 F.3d at 1035. Given the substantial deference accorded the credibility determination of the Commissioner, "claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 488 (6th Cir. 2005).

In the present case, the ALJ determined that Crouch's medically determinable impairments—degenerative disc disease and chronic obstructive pulmonary disease— "could reasonably be expected to cause the alleged symptoms." [R. 12-1, p. 25]. This finding is supported by substantial evidence. Accordingly, the first prong of the test is satisfied. However, the ALJ also found that Crouch's statements concerning the intensity, persistence, and limiting effects of the symptoms were not consistent with the objective medical evidence or other evidence in the record. *Id.* The Court will proceed through the second prong of the test by evaluating each impairment separately.

<u>Chronic Obstructive Pulmonary Disease</u>

During the administrative hearing, Crouch stated that his "breathing is not good" and that he gets out of breath "real easy." [R. 12-1, p. 44]. He mentioned that a simple task, such as taking a shower, will cause him to be out of breath. *Id.* When questioned as to the cause of his condition, Crouch affirmed it was due to smoking. *Id.* at 45. To alleviate his symptoms, Crouch "cut down" on his tobacco consumption and used Spiriva. *Id.* at 25, 45. While acknowledging these facts in her opinion, the ALJ also noted inconsistencies that negated the alleged severity of Crouch's condition. *Id.* at 25. On November 20, 2015, Crouch was examined by Drs. Luke Bennett and Jay Grider, who found that Crouch had "no cough or shortness of breath." *Id.* at 320. Dr. Tuttle, who examined Crouch on June 29, 2016, noted "no wheezing, frequent coughing, or shortness of breath." *Id.* at 497. Dr. Barry Burchett obtained similar findings on December 6, 2017: "claimant not short of breath with exertion or while flat," "no history of shortness of breath, cough," and "claimant … did have an inhaler at one time … but does not use it currently." *Id.* at 517, 26. The ALJ also considered the fact that the record did not contain any

10

recent pulmonary function tests or reports of hospitalizations due to recurring exacerbations of the condition. *Id.* at 26.

Furthermore, despite Crouch's claims that the condition is debilitating, he has not quit smoking. *Id.* at 45, 25. He still smokes "two to three" a day. *Id.* at 45. "The Sixth Circuit has repeatedly held that a claimant's continued smoking militates against the credibility of his disabling breathing order." *Siler v. Astrue*, No. CIV.A. 11-391-DLB, 2012 U.S. Dist. LEXIS 92790, 2012 WL 2603656, at *18 (E.D. Ky. July 5, 2012) (citing *Brown v. SSA*, No. 99-5719, 2000 U.S. App. LEXIS 15344, at *1 (6th Cir. June 22, 2000)); *see also Auer v. Sec'y of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987). The ALJ's conclusion that Crouch's smoking "suggests that his respiratory condition is not as severe as alleged" was legitimate. *See Stepro v. Comm'r of Soc. Sec.*, No. 1:16-cv-569, 2016 U.S. Dist. LEXIS 181500, at *20 (N.D. Ohio Dec. 14, 2016) (finding that the claimant's smoking was a legitimate consideration for the ALJ's credibility determination.). Thus, neither of the alternative tests of the second prong are met. There is substantial evidence to support a finding that Plaintiff's chronic obstructive pulmonary disease does not cause Plaintiff to suffer from a disabling pain.

Degenerative Disc Disease

Crouch argues the ALJ failed to provide substantial evidence for her findings against his credibility because she did not mention certain information within the record, including his daily activities, "specific medications," and coping mechanisms. [R. 15-1, pp. 4–8]. However, the ALJ is not required to take such detailed measures. *See Tavares*, 2012 U.S. Dist. LEXIS 66907, at *37–38 ("While the ALJ is required to consider the entire record, he is not required to repeat the whole of it in his opinion. The ALJ cited only that portion of the record that explained his credibility determination. It does not follow from this that the ALJ failed to consider other

portions of the record."); *Brewer v. Berryhill*, No. 6:16-cv-00108-GFVT, 2017 U.S. Dist. LEXIS 97075, at *14-15 (E.D. Ky. June 22, 2017) ("The regulations do not require a detailed, item-by-item discussion of each credibility factor…and although the ALJ should consider the factors, the ALJ need not engage in such an extensive analysis in every decision, especially where the medical record does not objectively support the claimant's allegations."). "[S]o long as the ALJ's determination is supported by substantial evidence, it must stand." *Coney v. Comm'r of Soc. Sec.*, No. 1:12-CV-800, 2014 U.S. Dist. LEXIS 21290, at *26 (W.D. Mich. Jan. 31, 2014). There is substantial evidence to support the ALJ's findings that there is not objective medical evidence which confirms the severity of the alleged pain, and that Crouch's degenerative disc disease is not so severe that it could reasonably be expected to produce disabling pain.

During the administrative hearing, Crouch testified he was unable to work due primarily to lower back pain, which radiated into his left leg. [R. 12-1, p. 42]. However, as noted by the ALJ, Crouch's most recent MRI results of the lumbar spine, dated January 31, 2019, showed only "mild degenerative changes." *Id.* at 25, 1007. The ALJ found these results to be consistent with the findings of past medical examinations, which she cited to in her opinion. On April 4, 2011, an MRI of the lumbar spine showed "mild disc disease." *Id.* at 601. During an examination on December 5, 2012, Dr. Glider reported Crouch's lumbar spine had full range of motion. *Id.* at 803. An MRI performed on July 9, 2014, also showed only "mild DDD." *Id.* at 375. Dr. Barry Burchett examined Crouch on December 6, 2017, finding "full range of motion in the lumbar spine." *Id.* at 519. In addition, two lower back x-rays from 2018 only showed "mild" and "minimal" changes. *Id.* at 522, 1023.

The ALJ also recognized the positive effects of Crouch's conservative medical treatment, consisting of pain medications and injections. *Id.* at 25. In his brief, Crouch contends that the

ALJ dismissed his medications and "incorrectly stated in the decision that [he] received improvement with the medications and treatment." [R. 15-1, p. 7]. However, the medical records, as cited by the ALJ, support the ALJ's finding of "some improvement." [R. 12-1, p. 25]. In November 2018, when the relief from injections was short-lived, Crouch restarted his gabapentin and reported "improvement in his symptoms without any side effects." *Id.* at 990. In January 2019, Crouch again reported "some improvement" due to gabapentin. *Id.* at 979. Improvement was also reported during an examination on February 13, 2019. *Id.* at 1064. When discussing Crouch's medications—gabapentin and hydrocodone—examination notes from a visit to St. Claire Regional Medical Center (in April 2019) stated that Crouch "has done fairly well on this regime for some time." *Id.* at 1059. These medical records are consistent with Crouch's testimony at the administrative hearing, where he confirmed he got "some" relief from his medication. *Id.* at 43. Lastly, while the ALJ acknowledged that Crouch stretches throughout the day, she also noted that despite his claim of disabling pain, he does not require the use of an assistive device. *Id.* at 25–26, 1061.

After a comprehensive review of the entire record, administrative hearing, and medical documents, it is evident that the ALJ's findings were supported by substantial evidence from the case record. Thus, the Court upholds the ALJ's decision that Crouch's degenerative disc disease does not cause him disabling pain.

### C.  Drs. Jack Reed and Bruce Key

"[O]pinions from nontreating and nonexamining sources are never assessed for 'controlling weight.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F. 3d 365, 376 (6th Cir. 2013). Instead, an ALJ must weigh such opinions based on: (1) the examining relationship; (2) the degree to which supporting explanations consider pertinent evidence; (3) the opinions

13

consistency with the record as a whole; (4) the physician's specialization related to the medical issues discussed; and (5) any other factors that tend to support or contradict the medical opinion. *Id.*; 20 C.F.R. § 404.1527(c). Generally, ALJs give more weight to the medical opinion of a source who has examined the claimant than to the medical opinion of a medical source who has not examined the claimant. 20 C.F.R. § 404.1527(c)(1).

However, the Sixth Circuit holds that giving greater weight to a State Agency consultant's opinion over an examining or treating source is "not, in and of itself, error." *Smith v. Comm'r of the Ssa*, No. 3:20-CV-00004-JZ, 2020 U.S. Dist. LEXIS 250174, at * 28 (N.D. Ohio Dec. 21, 2020) (quoting *Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007)). "In appropriate circumstances, opinions from State agency medical…consultants…may be entitled to greater weight than the opinions of treating or examining sources." *Fisk*, 253 F. App'x at 585 (citing Soc. Sec. Rul. 96-6p, 1996 SSR LEXIS 9, 1996 WL 374180, at *3). "Appropriate circumstances" include when "the State agency medical…consultant's opinion is based on a review of a complete case record that…provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.*

When this is not the case, such as here, the reviewing court "require[s] some indication that the ALJ at least considered these facts before giving greater weight to an opinion from the non-examining source." *Id.* "These facts" has been interpreted to refer to the portion of the record that was available to the treating physician but not the non-examining state agency medical consultant. *See Sloan v. Comm'r of Soc. Sec.*, No. 17-11150, 2019 WL 458163, at *3 (E.D. Mich. Feb. 6, 2019). In other words, the ALJ is to consider the relevant facts that "lie outside the portion of the case record that the non-examining source…reviewed in rendering his

14

opinion." *Schender v. Comm'r of Soc. Sec.*, No. 1:19-cv-00565, 2019 U.S. Dist. LEXIS 223993, at *28 (N.D. Ohio Dec. 13, 2019).

In his brief, Crouch argues that "great weight" should not have been assigned to the non-examiners' opinions—specifically those of Drs. Reed and Key—because they reviewed "only a skeletal portion of the medical records…" [R. 15-1, p. 8]. He also contends that if the non-examiners had been aware of things such as Crouch's medications and injections, "their opinions likely would have been more restrictive." *Id.* at 10. However, as the law makes clear, it is the ALJ's evaluation of the evidence that matters here. *Gibbens v. Comm'r of Soc. Sec.*, 659 F. App'x 238, 247-48 (6th Cir. 2016); *see also McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) ("[A]n ALJ may rely on a state agency consultant's opinion that predates other medical evidence in the record if the *ALJ* takes into account any evidence that the consultant did not consider.") (emphasis added).

Here, it is clear from her opinion that the ALJ considered all relevant evidence in the record through the date of the ALJ's decision. Dr. Key's assessment, which was performed on January 25, 2018, led him to conclude that Crouch was not disabled and capable of "medium work." [R. 12-1, p. 69]. On March 6, 2018, Dr. Reed reached the same conclusion. *Id.* at 84. The ALJ assigned "great weight" to these opinions because she found them to be "consistent with the evidence of the record." *Id.* at 26. To support this claim, throughout her opinion, the ALJ cited to various medical records, which spanned from 2011 to 2019, that revealed only "mild findings." *Id.* at 25–26.

In addition, the ALJ also discussed medical records that followed Physician Assistant Grimes' opinion, which was rendered on January 24, 2019, and found to have required stricter limitations than supported by the objective evidence in the record. *Id.* at 25-26, 957. Specifically,

15

the ALJ discussed the most recent findings from an MRI completed on January 31, 2019, which showed only "mild degenerative disc disease." *Id.* at 25, 1008. The ALJ also mentioned the latest medical information–dated February 13, 2019 and April 17, 2019–in the record, which noted "very mild degenerative disc disease" and the effectiveness of Crouch's medications. *Id.* at 26, 1062, 1059.

Lastly, Crouch's current use of medications and injections to treat the pain within his lumbar spine was considered by the ALJ in her RFC computation. *Id.* at 25–26. Thus, because the ALJ evaluated the entire record when forming her opinion, and because the State agency medical consultants' opinions were supported by the evidence, the ALJ did not err in assigning "great weight" to the State agency consultants' opinions. *See Hoskins v. Comm'r of Soc. Sec.*, 106 F. App'x 412, 415 (6th Cir. 2004) ("State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence.").

### D.  Dr. Barry Burchett

On December 6, 2017, Dr. Burchett examined Crouch and recorded his observations as to his physical condition. [R. 12-1, pp. 516–23]. While she considered Dr. Burchett's report in her opinion, the ALJ did not assign it a weight because it "merely provided observations without any functional limitations." *Id.* at 25-26. Crouch now claims this was in error because an ALJ is "required by law to examine and assign weight to every opinion of evidence in the record." [R. 15-1, p. 11]. The Commissioner disagrees, contending that the ALJ's failure to assign weight to Dr. Burchett's report was appropriate since it did not constitute an opinion as defined by the SSA regulations. [R. 17, p. 14]. The Court is inclined to agree with the Commissioner for the reasons provided below.

16

SSA regulations guarantee that ALJs will "evaluate every medical opinion [they] receive." 20 C.F. R. § 404.1527(c). As defined by the SSA, medical opinions "reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairments, and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Under this definition, Dr. Burchett's notes cannot be construed as an opinion. They do not contain any information that would lead one to conclude that Dr. Burchett formed a judgment, diagnosis, or prognosis. There are also no statements from Dr. Burchett regarding any sort of limitations or restrictions. Instead, the notes consist of a mere recitation of what Dr. Burchett observed while examining Crouch. [R. 12-1, pp. 516–23].

Furthermore, even if this Court were to assume that Dr. Burchett's observations constituted an opinion under the regulation, the ALJ would still not be required to provide reasons for any assigned weight (or lack thereof). *Rudolph v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 154316, at *12–14 (S.D. Ohio Oct. 28, 2013) (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) ("Although the record must contain substantial evidence supporting the rejection or discounting of a consultative examiner's opinion, social security regulations 'require[] ALJs to give reasons for only *treating* sources.'")). Treating source is defined as "your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." C.F.R. § 404.1527(a)(2). Based on this definition, Dr. Burchett was not Crouch's treating physician, but a State agency consultive examiner who only evaluated Crouch once on December 6, 2017. [R. 12-1, p. 516].

"It is only 'when an ALJ completely ignores evidence from non-treating sources that is inconsistent with the ALJ's residual functional capacity assessment [that] a remand may be

17

required.'" *Rudolph*, 2013 U.S. Dist. LEXIS 154316, at *13 (quoting *Nolan v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 59374, 2013 WL 1787386, at *6 (S.D. Ohio Apr. 25, 2013), *adopted and aff'd* 2013 U.S. Dist. LEXIS 128958, 2013 WL 4831029 (S.D. Ohio Sept. 10, 2013)). That is not what happened here. The ALJ considered Dr. Burchett's examination notes and found them to be consistent with the medical record. [R. 12-1, p. 25]. Specifically, Dr. Burchett concluded Plaintiff had full range of motion of the lumbar spine and did not have motor or sensory abnormalities in the lower extremities. *Id.* at 25, 519. These findings are consistent with the medical records previously discussed by the Court and were considered by the ALJ when she formulated Crouch's RFC. *Id.* at 26. Thus, the Court finds the ALJ did not err in not assigning a weight to Dr. Burchett's findings.

### E. Vocational Expert

For the reasons stated above, the Court has determined that the ALJ's findings are based on substantial evidence and that she properly configured Crouch's RFC. Because of this, Crouch's argument that the ALJ's hypothetical RFC failed to accurately describe the claimant, and thus resulted in the VE's testimony not being based on substantial evidence, is without merit. The Court will not address it.

Based on the Court's review of the ALJ's decision, the Court finds that it is supported by substantial evidence and was made in accordance with proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(g). The Court will grant the Commissioner's Motion for Summary Judgment.

Accordingly, for the reasons stated above,

**IT IS ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgement **[R. 15]** is **DENIED**.

2. The Commissioner's Motion for Summary Judgment **[R. 17]** is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED**.

4. A judgment will be entered contemporaneously with this Order.

This the 22nd of September, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY